IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| HIGH SCHOOL SERVIÇOS EDUCACIONAIS, LTDA "HSE" a Brazilian Company, <br><br> Plaintiff, <br><br> v. <br><br> CURATORS OF THE UNIVERSITY OF MISSOURI "d/b/a" MIZZOU K-12 ONLINE, College of Education, U.S.A. "MK12", <br> and <br> TANYA MICHIKO HAEUSSLER <br>  in her Official and Individual Capacity, <br> and <br> JOHN ZACHARY MARCH <br>  in his Official and Individual Capacity, <br><br> Defendants, | Case No. <br><br> **JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff, High School Serviços Educacionais LTDA, states the following as its Complaint against Defendants.

Parties

1. Plaintiff, High School Serviços Educacionais LTDA, is a Company registered in the Federative Republic of Brazil, with its principal place of business located at Av. Rio Branco, 274 – Loja 50 – Santa Lúcia, Vitória – ES, 29056-910, Brazil.

2. At all times material hereto, Defendant, Curators of the University of Missouri, was and continues to be a Public Corporation registered in Missouri, with its principal place of business located at 227 University Hall, Columbia, Missouri, 65201.

3. Upon information and belief, Defendant TANYA MICHIKO HAEUSSLER is an employee of MK12 and resides in this judicial district.

4. Upon information and belief, Defendant JOHN ZACHARY MARCH is an employee of MK12 and resides in this judicial district.

## JURISDICTION AND VENUE

5. This is an action brought under 28 U.S.C §1332, as the parties are completely diverse and the amount in controversy exceeds $ 75,000.00.

6. Venue is properly placed in this Court under 28 U.S.C. §1391 since Defendant resides in the Judicial District governed by this Court and since part of the events giving rise to the Plaintiff's claims took place in this judicial district.

## FACTS

7. Since 2008 and at all times material, Plaintiff High School Serviços Educacionais LTDA (hereinafter "HSE"), has conducted business with universities located in the United States with the purpose of providing Brazilian K-12 students with a curriculum aligned with the United States, a United States high school diploma, and a matriculation pathway for undergraduate admission into an approved university within the United States.

8. On or about May 4, 2015 Plaintiff, HSE, entered into a Memorandum of Understanding and Licensing Agreement ("MOU") with Defendant, Curators of the University of Missouri, (hereinafter "MK12"), stipulating to the terms of a contract between the parties. (See MOU attached hereto as **Exhibit A**.)

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

9. On or about May 4, 2015 Plaintiff, HSE, also entered into an Intellectual Property Agreement with Defendant MK12, agreeing to the terms of use by each of the respective parties' of previously owned, and jointly developed intellectual property. (See Intellectual Property Agreement attached hereto as **Exhibit B**.)

10. At all times material hereto, Plaintiff HSE and Defendant MK12 have never entered into a written agreement establishing any specific consideration to be provided to MK12 other than the exchange of promises contained in the MOU.

11. Plaintiff, HSE and Defendant MK12 informally worked together to establish reasonable monetary compensation to MK12 and those payments have been made for past years, accordingly.

12. The Plaintiff has paid Defendant a total of $4,897,553.00 for the years 2015, 2016, 2017 and 2018.

13. On May 12, 2018 Defendant MK12 surprised the Plaintiff HSE with an invoice for $4,085,048.00 including additional amounts dating back to the inception of the contract in 2015. The invoice was not paid and the parties agreed to discuss the matter further. On or about January 1st, 2019 Defendant MK12 again surprised Plaintiff HSE with a replacement invoice for $5,162,638.00, which also included additional amounts dating back to the inception of the contract in 2015.

14. Plaintiff HSE responded to Defendant MK12's invoices by denying that such an amount was owed and reiterating the fact that the parties have yet to finalize any written agreement with respect to monetary compensation.

15. The parties have not yet resolved their differences over additional compensation due MK12, if any.

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

16. On or about February 14, 2019, MK12 sent an email to HSE's partner schools in Brazil (without HSE's knowledge or consent) with the subject line "**Mizzou For You in 2020**." (See February 14, 2019 email attached hereto as **Exhibit C**.) The email had two attachments, one in Portuguese and one in English which obviously had been planned and prepared sometime in advance. HSE was not copied on the mail and was not given any advance warning that the email was being sent.

17. On that same date, and after sending the before mentioned e-mail to HSE's partner schools, MK12 sent a letter of termination to HSE providing one-year advance written notice that the agreement would be terminated under the terms of the MOU and IPA Agreements as of February 14, 2020, exactly one year from the date of the letter. (See **Exhibit D.**)

18. The February 14, 2019 email to HSE's partner schools in Brazil was followed by a second email on February 19, 2019 to the Brazilian schools with the subject line "**Mizzou Meeting Announcement Changes**." (See **Exhibit E**.) From that email it became clear that MK12 had planned their interference with HSE's contracts well in advance and were already in the process of executing its plan with boots on the ground in Brazil.

19. On or about February 15, 2019 Defendant, MK12 sent additional email correspondence to Plaintiff's partner-schools requesting their attendance at two meetings which were to occur on or about February 25, 2019 and February 26, 2019 in Brazil.

20. On February 19, 2019, by and through its counsel, HSE responded and sent a letter to MK12 to cease and desist their illegal and unlawful competition in Brazil. (See **Exhibit F.)**

21. The legal basis for the cease and desist letter was not only that it was a breach of the terms of the parties' 2015 agreement (the "MOU") but also that it was a violation of Article

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

195 of Brazilian Law 9.279/96 that makes unlawful competition a criminal act in Brazil, as it can be for Unfair Competition in the U.S. Undeterred, MK12 ignored the letter.

22. Defendant MK12, knows or should have known that its actions were contrary to the written agreements between itself and the Plaintiff, HSE.

23. Defendant MK12 sent out an electronic brochure in Brazil that advertises that its educational services to be offered in Brazil will be greatly superior to the service offered by or through HSE. (See **Exhibit G**). On the Brochure, it becomes clear that MK12's strategy is to reduce the services provided through HSE in order to force HSE's partner schools to sign with them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT ("MOU")

24. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

25. Section III.1 of the Agreement (the "Agreement" or "MOU") provides that HSE will handle all logistic issues related to introduction and promotion of the program in Brazil during the period of the Agreement.

26. MK12's conduct of attempting to circumvent HSE's role and contacting the Brazilians schools directly, breaches the terms of the MOU because MK12 is now promoting the program in Brazil during the term of the MOU and usurps HSE's role as specified in the agreement.

27. Section V.3(1) of the Agreement provides that HSE is the one who is allowed to continue recruiting schools until December 31st of the year of termination.

28. Since MK12 just provided Notice of Termination of the Agreement (on February 14, 2019) to take effect allegedly on February 14, 2020 (see paragraph 38, hereto), HSE has the

right to continue recruiting new schools for the joint program until December 31, 2019. (See V.3(1)(b)).

29. MK12's conduct of attempting to circumvent HSE's role and contacting and recruiting the Brazilians schools directly breaches the terms of the Agreement because MK12 is now recruiting schools in Brazil directly to their own program, to the detriment of HSE.

30. Section V.3(4) provides that if HSE ceases to operate, MK12 would agree to offer HSE partner schools the opportunity to work directly with them.

31. HSE has not ceased to operate, nor has it threatened to cease operations, and therefore MK12 has breached the terms of the Agreement by circumventing HSE's role by offering the program directly to the Brazilian schools.

32. Section III.4 or the MOU requires MK12 and HSE to cooperate in carrying out the terms of the MOU.

33. MK12's conduct of attempting to circumvent HSE's role and contacting the Brazilians schools directly breaches the provision that requires the parties to cooperate with each other in carrying out the objectives of the Agreement.

34. As a result of MK12's breach(es) of contract, the Plaintiff has lost the benefit of its bargain and will incur recoverable damages in an amount in excess of $75,000.00, in an amount to be determined at trial.

35. The Plaintiff also seeks and is entitled to injunctive relief to prevent MK12 from circumventing the terms of the Agreement.

36. Allowing MK12 to solicit and enter into contracts with Brazilian schools directly threatens the Plaintiff with irreparable harm.

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

37. Upon information and belief, the harm and injury that would be inflicted on the Plaintiff is greater than any detriment caused to MK12 by delaying their encroaching efforts in Brazil.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT ("MOU")

38. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

39. Section V.2 states that "[t]his agreement will be in effect from July 1, 2015 to June 30, 2020." Section V.3 states that this agreement may be terminated by either party with one year written notice to the other party, with such notice to be given by June 30th and the termination of the agreement will occur one year later. These provisions when construed together only allow a termination to take effect no earlier than June 30, 2020.

40. By providing HSE with a written notice of termination to take effect February 14, 2020, MK12 has breached the terms of the agreement.

41. As a result of MK12's breach(es) of contract, the Plaintiff has lost the benefit of its bargain and will incur recoverable damages in an amount in excess of $75,000.00, in an amount to be determined at trial.

42. The Plaintiff also seeks and is entitled to injunctive relief to prevent MK12 from circumventing the terms of the Agreement.

43. Allowing MK12 to terminate prematurely before June 30, 2020 directly threatens the Plaintiff with irreparable harm.

44. Upon information and belief, the harm and injury that would be inflicted on the Plaintiff is greater than any detriment caused to MK12 by delaying their encroaching efforts in Brazil.

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

# THIRD CLAIM FOR RELIEF
# BREACH OF CONTRACT ("IPA")

45. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

46. The Intellectual Property Agreement ("IPA") attached hereto as **Exhibit B** was drafted, in part, to allow each party to protect its own separate intellectual property and to limit the creation and use of derivative materials after termination of the MOU.

47. Section 1.01 of the IPA defines "BACKGROUND IP" to mean "the INTELLECTUAL PROPERTY first developed by a PARTY prior to or otherwise outside of the collaboration set forth in the MOU."

48. Part of the BACKGROUND IP that HSE brought to the contract relationship with MK12 was its client/contact/customer list of the schools in Brazil, many of which now take part in the Program. This list was developed by HSE prior to its relationship with MK12 when HSE operated a similar program through Texas Tech University from 2008 to 2015.

49. HSE also brought to the contract relationship its Operating Manual which is indispensable in carrying out the program with Brazilian students. This Operating Manual is being explicitly copied by MK12 as it can be seen on Exhibit G (Brochure). MK12 even copied the sequence in which each subject is presented.

50. Upon information and belief, MK12 has taken HSE's Intellectual Property without HSE's consent and used it against HSE in violation of the terms of Section 2.01(a) of the IPA which provides that with respect to the ownership of BACKGROUND IP, that "[e]ach PARTY acknowledges and agrees that, as between the PARTIES, each PARTY is and shall remain the sole and exclusive owner of all right, title, and interest in and to its BACKGROUND IP, and that this AGREEMENT does not affect such ownership. Each PARTY acknowledges that it acquires no

right under this AGREEMENT to the other PARTY's BACKGROUND IP other than as specifically granted in this AGREEMENT."

51. As a result of MK12's breach of the IPA, the Plaintiff has lost the benefit of its bargain and has been damaged in an amount in excess of $75,000.00, in an amount to be determined at trial.

52. The Plaintiff has and will continue to suffer irreparable harm unless MK12 is enjoined from further activities in Brazil during the pendency of this proceeding, and is forced to fulfill its obligations

53. Upon information and belief, the harm and injury that would be inflicted on the Plaintiff is far greater than any detriment caused to MK12 by delaying their encroaching efforts in Brazil.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT ("IPA")

54. Plaintiff, HSE, hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

55. The IPA attached hereto as **Exhibit B** was drafted, in part, to restrict the parties' right to unilaterally create and use derivative advertising material with Brazilian schools.

56. Section 2.02(d)(vi) of the IPA provides as follows: [except in connection with the collaboration in education as set forth in the MOU, neither PARTY shall have the right to use, reproduce, distribute, or create DERIVATIVE WORKS in the ADVERTISING MATERIAL without the written consent of the other PARTY."

57. Section 1.02 of the IPA defines "ADVERTISING MATERIAL" as "the promotional, advertising, or similar material (in both written and electronic form) generated during the PROJECT for the sole benefit of the PROJECT, including the website

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

http://hseducacional.com.b/hse/ and any subdomains therein, including both secure and unsecure portions".

58. By creating the advertising materials attached to **Exhibit C and G (**in both English and Portuguese) for use, reproduction and distribution for its own benefit, MK12 has breached the terms of the IPA.

59. As a result of MK12's breach of the IPA contract, the Plaintiff has lost the benefit of its bargain and has been damaged in an amount in excess of $75,000.00, in an amount to be determined at trial.

60. The Plaintiff has and will continue to suffer irreparable harm unless MK12 is enjoined from further activities in Brazil during the pendency of this proceeding and is forced to fulfill its obligations.

61. Upon information and belief, the harm and injury that would be inflicted on the Plaintiff is far greater than any detriment caused to MK12 by delaying their encroaching efforts in Brazil.

## FIFTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CONTRACT

62. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

63. HSE has numerous contractual relationships with its partner schools in Brazil.

64. Defendant MK12 and the individual Defendants TANYA MICHIKO HAEUSSLER and JOHN ZACHARY MARCH were acutely aware of the contract and business relationships that HSE had with its partner schools in Brazil.

65. Defendant MK12 and individual Defendants TANYA MICHIKO HAEUSSLER and JOHN ZACHARY MARCH, in their individual and official capacities, intentionally and

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

maliciously interfered with HSE's relationship with its partnership schools in Brazil by circumventing HSE and soliciting them directly even before MK12 informed the Plaintiff that MK12 was terminating its contract with Plaintiff (see Exhibits C and D).

66. Upon information and belief, MK12's act of soliciting HSE's partner schools in Brazil constitutes the crime of unfair competition in Brazil, in which a party uses of fraudulent means to appropriate another party's clientele.

67. Upon information and belief, Brazil, as a party to the General Agreement on Tariffs and Trades, has declined to allow foreign competitors in the field of education the right to offer educational services in Brazil, free from government intervention.

68. Upon information and belief, it is not within the scope of the University's mandate or its employees' scope of responsibility to intentionally interfere with its contract partners' contract relationships in foreign countries, including Brazil.

69. Upon information and belief, the individual Defendants have a personal financial interest in interfering with HSE's contracts in Brazil in that they will each personally financially benefit from their successful interference.

70. As a result of MK12's actions, and the actions of its employees, HSE has incurred damages, including reputational damage in Brazil, in excess of $75,000.00.

71. The intentional interference of these Defendants was undertaken with legal malice and oppression, thus entitling the Plaintiff to punitive damages in an amount to be determined at trial.

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

## SIXTH CLAIM FOR RELIEF
## DECLARATORY JUDGMENT ("MOU")

72. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

73. By sending Plaintiff HSE surprise invoices dating back to the inception of the Agreement in 2015, MK12 has breached the terms of the agreement to work in good faith with HSE.

74. The Parties are interested parties within the meaning of 28 USC §2201 with a justiciable dispute with respect the amount that HSE may owe, if any, under the terms of its Agreement with MK12.

75. The Plaintiff hereby requests that MK12's retroactive invoices be held invalid, void or otherwise of no force or effect.

## SEVENTH CLAIM FOR RELIEF
## DECLARATORY JUDGMENT ("MOU")

76. Plaintiff HSE hereby incorporates by reference all of the previous allegations of the Complaint as if restated in full herein.

77. Section V.3.1(a) of the MOU provides that upon termination "the existing students will be permitted to continue with HSE and MK12 until their graduation."

78. The Parties are interested parties within the meaning of 28 USC §2201 with a justiciable dispute with respect the entitlement of existing students to continue with HSE and MK12 until their graduation.

79. Because in excess of 4,000 existing students are currently in the program, HSE seeks the court's interpretation of this provision to "allow the existing students … to continue with HSE and MK12 until their graduation". HSE understands that MK12 has the obligation to keep

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

providing its services in cooperation with HSE for these existing students, with the same quality and respecting the same academic, operational and financial aspects.

80. Since HSE has the right to offer existing students the right to continue in the program until graduation, HSE seeks the court's declaration and order that MK12 not be allowed to contract with Brazilian schools concerning existing students and new students signing up with HSE before December 31, 2019 until they have completed the program and have graduated. Also, HSE seeks the court's declaration that all of the services listed on the right-side column of the Brochure (**Exhibit G**) should be provided by MK12, with the same quality and respecting the same academic, operational and financial aspects.

## **PRAYER**

WHEREFORE, Plaintiff, HSE prays for judgment against Defendant as follows:

a) For compensatory damages for breach of contract(s) in excess of $75,000.00;

b) For injunctive relief precluding Defendant from contracting directly with Brazilian schools with respect to existing and future students;

c) For injunctive relief in order to obligate Defendant to keep providing services alongside with HSE until the date of termination of the MOU (June 30, 2020), with the same quality and respecting the same academic, operational and financial aspects (in other words, keep providing the services marked on the right-side column of **Exhibit G**);

d) For injunctive relief in order to obligate Defendant to keep providing services alongside with HSE until the graduation of the students already enrolled in the program, with the same quality and respecting the same academic, operational and financial aspects (in other words, keep providing the services marked on the right-side column of **Exhibit G**);

d) For punitive damages in an amount to be determined at trial;

Doc ID: 8c439c190fcee78d79be02cd0c0043455878794c

e)   For declaration of the parties' respective rights in dispute under the MOU and IPA;

f)   For costs of suit and prejudgment interest;

g)   For reasonable attorney's fees;

h)   For any additional relief that the court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues arising herein.

## VERIFICATION

I declare verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct regarding the allegations of which the undersigned has knowledge and regarding the allegations of which the undersigned does not have personal knowledge, the undersigned believes them to be true based on available information and related documentation.

*Rogério Abaurre*
_____
Rogério Abaurre

*Maria Moraes*
_____
Maria Isabel Morandi


Caldwell Law Firm, P.C.

By: /s/ Kenneth N, Caldwell
Kenneth N. Caldwell, Mo No. 65443,
NV No. 3692
1201 NW Briarcliff Parkway 2nd Floor
Kansas City, MO 64116
(816) 535-1001
kcaldwell@caldwell-law-firm.com

ATTORNEY FOR PLAINTIFF