# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| High School Servicos Educacionais, LTDA, "HSE" ) <br> A Brazilian Company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> The Curators of the University of Missouri, et al ) <br> ) <br> Defendants. ) | Case No.: 2:19-CV-04083-BCW |

## DEFENDANT CURATORS' ANSWER AND COUNTERCLAIM

COMES NOW Defendant The Curators of the University of Missouri ("Curators"), through counsel, and for its Answer and Counterclaim against plaintiff's Complaint, states as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Defendant is without sufficient knowledge to admit or deny the allegation.
8. Defendant admits that Plaintiff and Defendant signed the alleged MOU. The remaining allegations are denied.
9. Defendant admits that Plaintiff and Defendant signed the alleged IPA. The remaining allegations are denied.
10. Denied.

1

11. Denied.

12. Defendant admits the alleged amount has been paid to Defendant. Defendant denies the remaining allegations.

13. Defendant denies Plaintiff was "surprised." The remaining allegations are admitted.

14. Denied.

15. Admit.

16. Defendant is without sufficient knowledge to know if HSE had "knowledge" of the alleged email. Defendant is without knowledge as to whether the planning and preparation of the email was "obvious." Defendant denies that the alleged schools are "HSE's partner schools." The remaining allegations are admitted.

17. Defendant denies that the alleged schools are "HSE's partner schools." The remaining allegations are admitted.

18. Exhibit E to Plaintiff's Complaint appears to be in error, and therefore that allegation is denied. The remaining allegations are denied.

19. Admit.

20. Defendant denies that the date was February 19, 2019, and denies any illegal and unlawful competition in Brazil. The remaining allegations are admitted.

21. Denied.

22. Denied.

23. Denied.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT ("MOU")

24. No response is required. Therefore the allegation is denied.

25. Admit.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admit.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT ("MOU")

38. No response is required. Therefore the allegation is denied.

39. Defendant denies that the termination date cannot take effect earlier than June 30, 2020. The remaining allegations are admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

3

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT ("IPA")

45. No response is required. Therefore the allegation is denied.

46. Admit.

47. Admit.

48. Defendant denies that a customer list is Background IP. Defendant is without sufficient information to admit or deny the remaining allegations.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT ("IPA")

54. No response is required. Therefore the allegation is denied.

55. The allegation calls for a legal conclusion. To the extent a response is required, the allegation is denied.

56. Admit.

57. Admit.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FIFTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CONTRACT

4

62. No response is required. Therefore the allegation is denied.

63. Defendant is without sufficient information to admit or deny the allegation.

64. Defendant denies that Defendants were "acutely" aware. The remaining allegations are admitted.

65. Denied.

66. Denied.

67. Denied.

68. The allegation calls for a legal conclusion and is therefore denied.

69. Denied.

70. Denied.

71. Denied.

## SIXTH CLAIM FOR RELIEF
## DECLARATORY JUDGMENT ("MOU")

72. No response is required. Therefore the allegation is denied.

73. Denied.

74. Admit.

75. Denied.

## SEVENTH CLAIM FOR RELIEF
## DECLARATORY JUDMENT ("MOU")

76. No response is required. Therefore the allegation is denied.

77. Defendant denies the underlined emphasis appears in the MOU. The remaining allegations are admitted.

78. Admit.

79. Denied.

5

80. Denied.

## PRAYER

To the extent an admission or denial is required, the "Prayer" section of Plaintiff's Complaint is denied.

## DEFENDANT CURATORS' AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation, paragraph and count contained in plaintiff's Complaint, except what is specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim for any cause of action for which relief can be granted against the Defendant, including, but not limited to the following reasons:

   a. No contractual relationship was formed between and/or among the parties.

   b. Defendant has immunity from the tort of interference with contract and related claims.

3. Plaintiff's claims for punitive damages are unconstitutional and the laws establishing the standards for granting and assessing punitive damages are vague, ambiguous and arbitrary, thereby violating the defendant's constitutional rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, and the Missouri Constitution, art. I, section 10, and any law of the State of Missouri, whether enacted by the Missouri General Assembly or founded upon decisions of Missouri courts, permitting plaintiff to recover punitive damages is unconstitutional and improper under applicable public policies.

4. Plaintiff's claims for punitive damages are unconstitutional to the extent that plaintiff's Complaint seeks to punish defendant without protection of the constitutional safeguards, including but not limited to, proof beyond a reasonable doubt, the prohibitions against double jeopardy and excessive fines, and freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and other provisions of the Missouri Constitution, and that any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon decisions of Missouri courts, permitting plaintiff to recover punitive damages is unconstitutional and improper under applicable public policies.

5. Plaintiff's damages, if any, all of which defendant denies, are limited to those alleged incidents that occurred within the applicable statute of limitations period.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver and/or laches.

7. Defendant's actions, and those of the employees of defendant The Curators, toward plaintiff, were in good faith and in compliance with all applicable laws.

8. Plaintiff's claims, if any, all of which defendant denies, are barred due to plaintiff's failure to take or seek corrective opportunities in a timely fashion, and for plaintiff's failure to take action to avoid or mitigate the alleged harm.

9. Plaintiff's claims, to the extent it has any, are barred or reduced by its own contributory or comparative negligence or fault.

10. Plaintiff's claims as to defendant The Curators of the University of Missouri, if any, all of which defendant denies, are barred in whole or in part by the doctrine of sovereign immunity.

11. Plaintiff's contract claims are barred, in whole or in part, by the statute of frauds.

12. Plaintiff has failed to allege sufficient facts to establish a causal connection between Defendant's alleged wrongdoing and any damage to Plaintiff.

13. Defendant is entitled to set off against any damages awarded to Plaintiff such sums Plaintiff owes Defendant for the prices, cost, and/or value of services Defendant has provided Plaintiff and/or Plaintiff's partner schools.

14. Plaintiff's own actions are the cause in fact and/or sole proximate cause of his alleged damages.

15. Defendant acted at all times in good faith, based on practices that are business and/or education related, and not for any unlawful or illegal purpose.

16. Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution.

17. Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, having fully answered, Defendant The Curators of the University of Missouri prays this Court dismiss plaintiff's Complaint, to alternatively enter judgment in these defendants' favor, to award them their attorney fees and costs, and to award such other and further relief as this Court deems just and appropriate under the circumstances.

## **DEFENDANT CURATORS' COUNTERCLAIM**

For its counterclaim, Defendant incorporates the allegations and admissions above, and states and alleges as follows:

1. In 2015, the Defendant University and Plaintiff signed a Memorandum of Understanding ("MOU") designed to provide Brazilian students the opportunity to participate in the University's K-12 program, with the goal of obtaining an accredited United States high school diploma.

2. In 2016, the parties signed an Intellectual Property Agreement ("IPA").

3. After the MOU was signed by the parties, the University began providing significant educational services to plaintiff and partner schools and continues to provide those services to the present.

4. Plaintiff understood its business relationship with the University to be a "partnership" in which the efforts and benefits would be fairly shared.

5. Although the MOU did not provide for a schedule of pricing terms, plaintiff agreed to at least one budget model.

6. Under the agreed upon budget model, plaintiff owes the University several million dollars.

7. In addition to past due amounts, Plaintiff agreed, in December 2018, to pay $2.7MM to the University in 2019, and has yet to make any of those payments.

8. By approximately mid-to-late June 2017, the University became concerned with plaintiff's failure to make timely payments for services rendered.

9. On or about May 12, 2018, the University submitted an itemized invoice to plaintiff for approximately $4MM.

10. On or about January 1, 2019, the University submitted an invoice to plaintiff for approximately $5MM.

11. To date, the full amounts of both invoices have not been paid by plaintiff.

12. The amounts stated in both invoices represent the reasonable value of the services the University has provided.

13. The University is owed the unpaid amounts stated in the invoices.

14. Due to plaintiff's failure and refusal to pay the amounts owed to the University, the University decided to provide notice to plaintiff of its intent to terminate its relationship with plaintiff, one year from the date of the notice.

15. The termination notice was communicated orally and in writing to plaintiff on February 14, 2019.

16. The parties both acknowledged to each other that termination would occur one year later, on or around February 14, 2020.

17. The University has continued to provide services to thousands of Brazilian school children, at dozens of schools, despite plaintiff's outstanding balance of amounts due.

### Count I: Action on Account

18. Defendant hereby incorporates by reference all of the previous allegations of the Counterclaim as if restated in full herein.

19. Plaintiff is indebted to the University on account of services rendered to plaintiff at plaintiff's request, in the sums of $4,085,048.00 and $5,162.638.00, as per invoices issued to plaintiff on or about May 11, 2018 and January 1, 2019, respectively.

20. The aforementioned balances were due to defendant on or before January 31, 2019, and full payment has been refused.

21. The amounts invoiced by the University to plaintiff were reasonable.

WHEREFORE, the University prays judgment against plaintiff for the unpaid sums due under the invoices, together with interest at the legal rate, including prejudgment interest and costs.

### Count II: Quantum Meruit

22. Defendant hereby incorporates by reference all of the previous allegations of the Counterclaim as if restated in full herein.

23. Pursuant to and in connection with the MOU, the University furnished work, labor, materials and services to plaintiff and partner schools, with plaintiff's knowledge and consent.

24. Plaintiff made promises to pay for the goods and services in question.

25. The amounts stated in the two invoices submitted to plaintiff represent the reasonable value of those goods and services.

26. To date, plaintiff has refused to pay the full amounts in the submitted invoices.

27. Plaintiff has been unjustly enriched by the unpaid portion of the reasonable value of work, labor, and materials supplied to plaintiff.

WHEREFORE, the University prays for judgment against plaintiff for the unpaid amounts plus interest from the date of January 31, 2019.

### Count III: Unjust Enrichment

28. Defendant hereby incorporates by reference all of the previous allegations of the Counterclaim as if restated in full herein.

11

29. Defendant conferred on plaintiff the benefit of educational services the University provided to HSE and partner schools in Brazil.

30. Defendant was under the mistaken belief that plaintiff would compensate it fairly and reasonably for the services it provided, with timely and full payments.

31. Because of the provision of and quality of the services the University provided, plaintiff's business reputation and business opportunities have been greatly increased.

32. Additionally, the provision of the University's services to Brazilian schools allowed plaintiff HSE to collect millions of dollars in fees from such school.

33. The fees collected from such schools should have been fairly and equitably shared by plaintiff with the University and were not.

34. It would be unjust and inequitable for plaintiff to retain the benefits without making proper payment to the University.

35. The value of the benefits plaintiff has unjustly retained equal approximately the amount of unpaid balances under the two submitted invoices.

36. The University has demanded full payment for its services, and plaintiff has refused.

WHEREFORE, the University prays for judgment against plaintiff for the unpaid amounts plus interest from the date of January 31, 2019.

**PRAYER**

WHEREFORE, in addition to the relief prayed for in the body of the University's Counterclaim, the University also asks the Court for any additional relief the Court may deem in the interests of fairness and justice.

Respectfully submitted,

Office of the General Counsel
Stephen J. Owens, General Counsel

*/s/ Antwaun L. Smith*
Antwaun L. Smith, Mo. Bar 59851
smithantw@umsystem.edu

*/s/ Joel A. Poole*
Joel A. Poole, Mo. Bar 32070
poolej@umsystem.edu

227 University Hall
Columbia, Missouri 65211
(573)882-3211(telephone)
(573)882-0050 (Complaint simile)

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2019, I filed the foregoing using the Court's electronic filing system, and that a copy of the foregoing was served via the Court's electronic filing system upon Kenneth N. Caldwell, plaintiff's counsel of record.

*/s/Antwaun L. Smith*
**Attorney for Defendants**